[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REARGUMENT OF MOTION TO DISMISS
This motion to dismiss was referred to the Court on a non-arguable or "take the papers" basis, through misunderstanding or mistake of the defendant. The plaintiff had filed a specific written "notice of intention to argue "which was overlooked.
The Court, without the benefit of oral argument, granted the motion to dismiss, on October 5, 1993. The plaintiff on October 22, 1993 filed a "Motion to Reargue" which the Court granted and treats as a motion to reconsider.
The plaintiff points out that the counterclaim in the prior pending action is essentially an action in breach of contract, and that the instant complaint is an action in negligence. Although both the counterclaim in the prior pending action and the complaint in the instant action use verbiage which may be interpreted as breaches of promise, it appears that the claims in the instant action may well be interpreted as setting forth a cause of action in negligence.
This being the case, the Court determines that the claims set forth in the complaint are not "virtually identical" to those set forth in the prior pending counterclaim. The Court must be cautious to not dismiss an action where the allegations, though very similar, set forth different causes of action. See Solomon v. Aberman, 196 Conn. 359. It is proper that the Court set aside and vacate its dismissal of this action.
The plaintiff suggested at oral argument that the cases be consolidated. Pursuant to 84 of the Practice Book the Court orders that this case be consolidated with case # CV-92-0517095 John M. Wyzik v. Lillian Mancini, et al.
The Court further orders that the matter be set down for oral argument on claim #1 of the motion dismiss claiming lack of subject matter jurisdiction.
The Court sets aside and vacates its dismissal of the case of October 5, 1993 and orders that the case be restored to the docket.
Sullivan, J. CT Page 148